IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERRY SATCHELL,

    Petitioner,                    No. CIV S-07-1250 MCE DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a document styled "Motion for Federal Receivership of the Board of Parole Hearing and Gubernatorial Review." Petitioner has also filed a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        In petitioner's motion, he requests that the court appoint a special master to oversee the Board of Parole Hearings and the governor's review of granted parole release dates in the State of California. Petitioner contends that federal receivership will ensure that California's parole suitability hearings will comply with state and federal requirements prescribed by law.

        It is not clear from petitioner's motion whether the Board has previously denied petitioner parole or whether petitioner seeks to challenge the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner is advised that a petition for writ of habeas corpus is the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser, 411 U.S. at 484. If petitioner wishes to proceed with this action, he must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases. Therein, petitioner should clarify what parole denial, if any, he seeks to challenge. The court will not issue any orders granting relief until petitioner has filed a proper petition. The court will, however, provide petitioner an opportunity to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's September 18, 2007 motion is denied;

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus.

DATED: February 6, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
satc1250.amp